21  395
120  707

No. 83.—HARVEY W. SHAW, claimant, plaintiff in error, *vs.*
GRIFFIN McDONALD, plaintiff in fi. fa., defendant in error.

[1.] On the trial of a claim interposed on the levy of an execution issued on the
foreclosure of a mortgage given by one of the partners on his interest in the
partnership, it is competent for the claimant, being a purchaser for valuable
consideration, to prove the insolvency of the partnership at the date of the
mortgage.

[2.] Although one of the partners in an insolvent partnership, mortgages his in-
terest to one of his individual creditors, a sale, *bona fide* made, to pay a part-
nership debt, or for money applied to such purpose, will convey a good title
against the mortgage.

[3.] The declarations of a mortgagor that he has paid the mortgage, are inad-
missible, as evidence, on the trial of a claim of a part of the mortgaged pro-
perty.

[4.] A bill filed by one partner against another and the answer thereto are in-
admissible to prove any fact, in a claim case, tending to sustain the title to
property, the partnership had sold.

[5.] The Sheriff may levy on and sell the interest of a partner in partnership
property.

Claim, in Bibb Superior Court. Tried before Judge Pow-ERS, May Term, 1856.

Griffin McDonald, the plaintiff in execution, levied his mortgage fi. fa. upon two billiard tables contained in a mortgage executed to him by W. A. B. Goddard, defendant in said fi. fa., and a claim thereto was interposed by Harvey W. Shaw.

It appeared that the property, at the time of the execution of the mortgage, belonged to and was in the possession of the firm of Terrell & Goddard. That they afterwards, in January, 1855, but while Goddard was absent, sold the *billiard tables* to Henry N. Ells, and Ells sold them, before the issuing of the mortgage fi. fa., to Harvey W. Shaw, in whose possession they were at the time of the levy. They were worth about $500.

Claimant offered to prove, that at the date of the mortgage the firm of Terrell & Goddard was insolvent, and that the money paid by Ells for the tables was applied to partnership debts. The Court rejected this evidence and claimant excepted.

Claimant then offered to prove that Goddard, the mortgagor and defendant in fi. fa., had admitted and often said that McDonald had borrowed large sums of money from him and was indebted to him an amount greater than the mortgage debt. The Court repelled this testimony and claimant excepted.

Claimant then offered the record of a cause in equity by Goddard against Terrell, to show that the firm of Terrell & Goddard was utterly insolvent at the date of the mortgage, and that the individual interest of the partners, after paying the debts of the partnership, would amount to nothing; which the Court rejected and claimant excepted.

Claimants' counsel then moved to dismiss the levy on the following grounds:

1st. Because the interest of one member of a firm in the partnership property could not, at law, be made liable for his individual debts, but the remedy was in Chancery.

2d. Because the interest levied upon has not been proven to be worth anything, and is such an indefinite equitable interest as cannot be subject of levy under a fi. fa.

3d. Because the unascertained contingent interest of one partner in the property of the firm is not the subject of levy.

Which motion the Court overruled, and claimant excepted.

The Court charged the jury, who retired and brought in a verdict for the plaintiff, finding the property subject.

And complainant, thereupon brings his bill of exceptions and assigns error.

POE & GRIER, for plaintiffs in error.

Lanier & Anderson, for defendants in error.

*By the Court:*—McDONALD, J. delivering the opinion.

[1.] Terrell & Goddard were partners. W. A. B. Goddard mortgaged all his interest, being one half, in and to the stock of liquors and two billiard tables and one pool table and the implements of furniture thereunto attached &c., to Griffin McDonald, to secure certain individual debts due by Goddard to said McDonald, and also to save him harmless from an individual endorsement. The mortgage bears date the third day of January, 1855. McDonald foreclosed his mortgage, had a writ of *fieri facias* issued, and levied on the billiard tables which were claimed by the plaintiff in error. On the trial of the claim, the plaintiff proved the possession of the property by the firm of Terrell & Goddard at the date of the mortgage, and that Terrell, in the absence of Goddard, sold the billiard tables to Henry N. Ells, who sold to the claimant. Claimant proposed to prove by the witness, that at the date of the mortgage the firm of Terrell & Goddard

was insolvent, and that the money paid by Ells for them was applied to the payment of partnership debts. The Court refused to admit the evidence, and this refusal is made the ground of the first exception.

[2.] The mortgagee was aware that Goddard was mortgaging partnership property. That he did, is deducible from the mortgage itself. If the firm was insolvent, the partnership property ought not to have been applied to the payment of an individual debt; and notwithstanding the mortgage, the sale, if *bona fide* made, in payment of a partnership debt, or for money which was applied to the payment of a partnership debt, was good against the mortgage. *Young vs. Keighly,* 15 *Vesey, Jr.,* 557.

[3.] There is no principle on which the admission or declarations of Goddard, the debtor, could have been received to prove the payment of the debts, to secure which the mortgage was given. It was an extraordinary proposition.

[4.] The bill filed by one of the partners against the other, and that other's answer were inadmissible to prove any fact tending to sustain a title to property they had sold.

[5.] The grounds taken in the motion to dismiss the levy, assume principles that we do not recognize as law. The Sheriff may levy on and sell the interest of a partner in the partnership property, but the purchaser will occupy the same relation to the partnership creditors and the other member of the firm, that the debtor did. If the interest is worthless, the sheriff may not find a purchaser, but if he should, the purchaser must be his own judge of the value of the interest he buys.

The judgment of the Court below is reversed on the ground that the Court erred in rejecting evidence to prove the insolvency of the firm of Terrell & Goddard at the date of the mortgage.

Judgment reversed.