Hoskins, Huskill & Co., plaintiffs in error, vs. Johnson & Garrett, defendants, and The Planters Bank of Savannah, claimants, defendants in error.

[1.] Hoskins, Huskill & Co. sued out a garnishment against Cothran and Sloan The Planters Bank of Savannah sued out a garnishment against Sloan only. The plaintiffs in both cases were in pursuit of the same debt. That was a debt due from *Cothran & Sloan*, and not from Sloan *separately.* Cothran was living.

*Held,* that the debt was attached by the garnishment of Hoskins, Huskill & Co. to the exclusion of the garnishment of the bank.

[2.] A caution as to *Dennis vs. Green,* 20 *Ga.* 386.

Attachment and Garnishment, from Floyd county. Decided by Judge Hammond. August Term, 1857.

On the 24th December, 1856, Hoskins, Huskill & Co. sued out an attachment against Johnson & Garrett, and garnisheed Cothran and Sloan, who were served with a summons of garnishment on the evening of 24th Dec. (Cothran served

with a copy 20 minutes past 5 o'clock, P. M., and Sloan 40 minutes past 5, P. M.)

Cothran & Sloan answered that on the 23d December they received on consignment from John G. Garrett, one of the firm of Johnson & Garrett, 25 bales of cotton, and on the same day advanced to Garrett $480 00 on said cotton. On the 24th, the next day, they sold the cotton, and after deducting freight, drayage, mending and commissions for selling, and the amount advanced, left in their hands the sum of $677 37, belonging to Garrett.

This answer was verified by the oath of "A. M. Sloan, one of the firm of Cothran & Sloan", 13th February, 1857.

On the 24th December, 1856, the Planters Bank of Savannah sued out an attachment against John G. Garrett, and summons of garnishment issued directed to A. M. Sloan. Upon this attachment the Constable returned that he had served Sloan with a summons of garnishment at 4 o'clock in the afternoon of 24th December, 1856. Also, levied on 25 bales of cotton. Also, 5 bales marked T., 4 o'clock 24th December, 1856. Marked "25" on each bale, 11 o'clock, A. M., 25th December, 1856, pointed out by Underwood & Smith, pl'ff's att'y.

SAM. JOHNSTON, T. C.

Served Sloan & Cothran with a summons of garnishment on the within attachment, 3 o'clock in the evening, Feb. 13, 1857.

SAM. JOHNSTON, T. C.

The 5 bales of cotton marked T. levied on, sold 8th January 1857, under order of Court, &c.

SAM. JOHNSTON, T. C.

The attachment of the Planters Bank was upon a draft by Garret, dated 9th Dec., 1856, payable forty-five days after date, to the order of N. J. Bayard, Agent, for $6031 28, and drawn upon Messrs. Hardwicke & Cook, Savannah. Noted

for non-acceptance, 22d Dec. 1856. Noted for non-payment 26th January 1857. Protested for non-payment 27th January 1857.

It was agreed by the attorneys for the Planters Bank that the answer of Cothran & Sloan, by A. M. Sloan, in the case of Hoskins, Huskill & Co., should be taken as the answer of A. M. Sloan in the case of the Bank against Garrett.

Judgment was obtained by Hoskins, Huskill & Co. against John G. Garrett, only one of the firm of Johnson & Garrett, at August Term of the Superior Court of Floyd county; and by the Planters Bank against the same at the same Term. And counsel for the Bank moved that the money in the hands of Cothran & Sloan be paid and applied to the judgment obtained by the Bank against Garrett.

Hoskins, Huskill & Co. objected to this order on the grounds,

1st. Because the summons of garnishment was directed to and served upon *A. M. Sloan, individually*, and no summons was issued for or served upon *Cothran & Sloan*.

2d. Because the answer of Cothran & Sloan shows that the fund was held by them as the firm of Cothran and Sloan, and not by A. M. Sloan as an individual.

3d. Because the debt sued on by the Planters Bank was not due when its attachment issued, and the parties failed to comply with the provisions of the statute authorizing attachment to issue on debts not due, and said attachment was therefore null and void.

After argument, the Court ordered the money in the hands of Cothran & Sloan to be applied to the attachment of the Planters Bank, and counsel for Hoskins, Huskill & Co. excepted.

D. S. PRINTUP, for plaintiffs in error.

Underwood, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The debt which the two competing garnishments were in pursuit of, was a debt due from a partnership composed of two persons, C. Cothran & A. M. Sloan.   These persons were both living.

These facts sufficiently appeared upon the face of the proceedings in each garnishment.

One of the two garnishments, that of Hoskins, Huskill & Co., was sued out against the *partnership* of Cothran & Sloan; the other, that of the Bank, was sued out against *Sloan only.*

Which of the two, attached the debt?   This is the question.

The situation which the garnishing plaintiff occupies in respect to the garnishee, can be no better than that which the defendant himself occupies in respect to the garnishee. If the case be one in which the defendant himself, if suing the garnishee, could not get a judgment against the garnishee, it is one in which the garnishing plaintiff cannot get a judgment against the garnishee.   This must be manifest.

Garrett was the defendant in the bank's suit.   Suppose the garnishment against Sloan had been a suit by Garrett to recover the debt, and that in his declaration, he had let it appear that the debt was due from *Cothran and* Sloan, and that Cothran was still living, could he succeed?

"But in the case of defendants, if a party be omitted, whether he be sued upon a personal contract, or as pernor of the profits of a real estate, as in debt for a rent charge, the objection can only be taken by plea in abatement verified by affidavit, unless it appear on the face of the declaration, or some other pleading of the plaintiff, that the party omitted is *still living,* as well as that he jointly contracted, in which case the defendant may demur, or move in arrest of judgment, or sustain a writ of error." 1 *Chitty Pl. 29.*

This, no doubt, is good law; and being so, Garrett could not, in the case supposed, recover of Sloan.   It must follow,

that if he could not recover of Sloan in the case supposed, neither can the bank recover of Sloan in the actual case.

Again, there can be no doubt, that if this was a partnership debt of Cothran & Sloan, and Sloan only was sued for it, he might *plead* Cothran's non-joinder in *abatement*, (*Chitty supra.*)

Does not Sloan's answer to the garnishment amount to such a plea? It is on oath; it states that the debt is due from Cothran and Sloan; it is put in for Cothran & Sloan ; it represents Sloan, as one of the firm of Cothran & Sloan ; when speaking of that firm, it uses language of this sort, "these respondents;" "themselves;" "our;" "they;" "their ;" coupled with verbs in the present tense.

Finally, say, however, that this answer was not *intended* by Sloan as a plea in abatement; yet, as it discloses the facts on which such a plea might rest, may not Hoskins, Huskill & Co. avail themselves of it in their competition with the bank? Why would these facts be good, if relied on as such plea in abatement? Only because they are such as to show the debt to be one that, really, is *not due from Sloan.* A debt due from Cothran & Sloan, is a debt which is *not due* from *Sloan.* But a garnishment against Sloan alone, is a thing that can reach no debt, but a debt due from Sloan. In strictness, then, it would seem that the reason why these facts might be relied on by Sloan as a plea in abatement, is a reason why they may be relied on by Hoskins, Huskill & Co. to show that the bank is not entitled to judgment against Sloan, and that they, Hoskins, Huskill & Co. are.

[1.] Upon the whole, then, we think that the debt owed by Cothran & Sloan was not attached by the garnishment of the bank, which was against Sloan only; and was attached by the garnishment of Hoskins, Huskill & Co., which was against Cothran & Sloan.

Consequently, we think that the judgment of the Court below, ordering the money held by Cothran & Sloan, to be paid to the bank, was erroneous.

This money was due to *Garrett,* not to Johnson & Garrett. And the suit of Hoskins, Huskill & Co. was against Johnson & Garrett, while that of the bank was against Garrett. Still this fact does not help the latter suit. Its garnishment being against Sloan, instead of being against Cothran & Sloan, that suit never attached the debt at all. The question, therefore, as to whether, when there is a debt against a partnership, and a debt against one of the partners, the former debt is to share equally with the latter in this partner's separate property, cannot arise.

. I may remark, however, that according to *Dennis vs. Green,* (20 *Ga.* 386,) the two debts are to share equally in the partners' separate property.

[2.] A partner's *separate* property is bound alike by all judgments against him, whether they be judgments against him as an individual, or judgments against him as a partner. And therefore, it must follow, that both kinds of judgments will share equally in the proceeds of his *separate* property. But as to the proceeds of the partnership property, the case is different. There is in respect to this property, an equity among the partners themselves that requires the property to be applied first to the payment of the *partnership* debts. And, practically, this equity works in such a way as to give debts against the partnership a preference over debts against a partner, in respect to that partner's interest in the partnership effects. I mention this distinction because it was not adverted to in the decision of *Dennis vs. Green,* (*supra*) and because the reasoning on which that decision goes, implies, that the distinction does not exist. The reasoning is wrong; the decision, however, is right; the case was one involving the disposition of the *separate* property of a partner.

Judgment reversed.