J. T. WILLIS, sheriff, plaintiff in error, *vs.* JOHN T. HENDERSON, defendant in error.

Where certain lands were levied on as the property of a defendant in *fi. fa.* and he filed an affidavit of illegality, setting up that the lands were the property of a partnership company, of which he was a member, and also a claim to the lands in the name of the partnership :

*Held,* That under section, 1908 of the Code the assets of a partnership, including lands, the partnership being for the purpose of farming, are not subject to levy and sale under a judgment against one of the partners.

2. The interest of one partner in the assets of the partnership must be pursued by a garnishment against the firm, and the sheriff was not guilty of a contempt in receiving the affidavit of illegality and the claim, and staying the proceedings.

Partnership property. Levy. Before Judge HARRELL. Early Superior Court. April Term, 1871.

Henderson's *fi. fa.* against P. B. Jones was levied on certain lots of land as the property of P. B. Jones. Jones filed an affidavit that the lands were not his, individually, but belonged to him and John F. Jones, as partners in farming, and also filed a claim to the land for the partnership. Thereupon the sheriff suspended proceedings and returned the affidavit of illegality and claim to Court. Henderson ruled the sheriff for the money due on his *fi. fa.* The sheriff responded the facts aforesaid as his reason for not having the money. Henderson's attorney demurred to said answer, and the Court made the rule against the sheriff absolute. That is assigned as error.

RICHARD SIMS, for plaintiff in error, cited: 15 Ga. R., 445; 10th, 74; 12th, 441; Lake vs. Craddock, 3 P. Wms.; Thornton vs. Dixon, 3 Bro. Ch. R.; Collyer on Part., 60, 76.

H. FIELDER, for defendant.

McCAY, Judge.

Without doubt, by the common law, it was competent to levy upon and sell the interest of a partner, in any property belonging to the partnership: *Shaw vs. McDonald,* 21 Ga., 395. The purchaser got the *interest* of the partner; he did not get an undivided title, equal to the partner's share in the concern, according to the agreement, but the interest of the partner after a settlement of the concern affairs: 24 Ga., 625. Evidently this was a very clumsy and, often, a very unjust mode of enforcing the claims of a creditor against one of the firm. The purchaser did not know what he was buying, since his interest depended altogether upon the result of a settlement of the firm affairs.

Our Code, section 1908, prohibits the sale of effects so situated, and provides that the interest of a partner in the partnership assets may be reached by the process of garnishment. And this, we think, is far better for both parties. The proceeding is in the usual way, by affidavit, bond and summons, as in other cases, with, perhaps, the qualification that it would be incompetent to get a judgment against the firm by a service of only the party whose interest is sought. A full investigation may be had, and if the defendant in the judgment has any interest after settlement of the affairs, a judgment will go against the firm.

2. We see no reason why the defendant may not stop the execution in the way adopted. If the facts stated be true, the execution is proceeding illegally, since it is levying on an interest of the defendant, not subject to levy and sale. If they be untrue, and the property is the property of the defendant, a finding of the fact by the jury will settle the mat-

ter. We do not see, either, why the claim is not strictly proper. The claimant is not the defendant, but the partnership.

Judgment reversed.