# Richmond.

CHESAPEAKE & OHIO RAILWAY CO. v. PARIS' ADMINISTRATOR.

November 21, 1907.

Absent, Cardwell, J.

1. CARRIERS—*Railroads—Persons Assisting Passengers—Time to Leave Train—Notice.*—A person who, in conformity with a custom acquiesced in by a carrier, goes to a railroad station to assist passengers in entering or leaving the train, is an invitee to whom the carrier owes the duty of ordinary care to see that he is not injured by reason of defective station facilities or approaches thereto. If he enters the train and his purpose is known, it is the duty of the carrier to give him a reasonable time within which to leave the train, but, if his purpose is not known, and there are no circumstances to put the carrier upon notice, then the carrier is not bound to hold the train till he has had time to alight, nor to notify him before the train starts.

2. RAILROADS—*Stepping off Moving Trains—Interference by Brakeman—Emergency.*—It is the duty of a brakeman on a passenger train to endeavor to prevent one from stepping off a moving train when it is dangerous to do so, and if, while acting in good faith to prevent an apparent danger, his efforts fail, and the person steps or falls off and is injured, there can be no recovery against the company, although it is probable he might have alighted in safety but for the interference of the brakeman.

Error to a judgment of the Circuit Court of Augusta county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Parrish,* for the plaintiff in error.

*Peyton Cochran* and *Charles Curry,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The plaintiff in the circuit court (defendant in error here) brought this action to recover damages for the death of his intestate, James R. Paris, alleged to have been caused by the negligence of the plaintiff in error, the Chesapeake and Ohio Railway Company.

Treating the case as upon a demurrer to the evidence, the essential facts are as follows:  The intestate, who, at the time of the accident was 76 or 77 years of age, accompanied his daughter, an intending passenger, from their home in Staunton, Virginia, to the company's station in that city.  On the arrival of the train, the conductor and brakeman, as usual, stationed themselves at the front end of the rear coach to assist passengers in leaving and entering the cars.  The intestate escorted his daughter into the rear car, carrying her hand-baggage, and secured a seat for her about midway the coach.  The train crew did not know, and there was nothing to lead them to suspect, that he was not a passenger, or that he intended to get off.  That he had ample time, in the exercise of ordinary care, to have left the train in safety, is shown by the circumstances that it remained at the station five minues, two minutes longer than the regulation stop; and that the conductor, after giving the leaving signal, boarded the train and went into the forward car to take up tickets before the intestate appeared on the front platform of the rear coach.

The account given by some of the plaintiff's witnesses of occurrences at the moment of the accident, is that, while the intestate was descending the steps, the train was put in motion, and thereupon, he was seized from behind by a brakeman on

the platform of the car; that he turned his head and looked at the brakeman, and then either broke his hold or was turned loose and fell to the station platform below, and rolled thence under the moving train, between the rail and platform, and was struck by the step on the rear end of the coach and fatally injured. Though several witnesses expressed the opinion that the intestate could have alighted in safety but for the interference of the brakeman, there is no suggestion that the latter was not acting in good faith in his effort to rescue the intestate from the peril of jumping off the moving train.

The rule of law regulating the duty of a railway company to persons coming to stations to assist passengers, is correctly stated in 2 Hutchinson on Carriers (3rd ed.), sec. 991: "A person who comes to a railroad station to assist passengers in entering or leaving the train, though not a passenger, is not a trespasser, as he comes with at least the tacit invitation of the carrier. While so engaged, he does not stand in the relation to the carrier of a bare licensee, but is deemed to have been invited to be there by virtue of the relation existing between the carrier and the intending or arriving passenger. The carrier, therefore, owes to him the duty of exercising at least ordinary care to see that he is not injured by reason of defective stational facilities or approaches thereto.

"So one who goes on a train to render necessary assistance to a passenger, in conformity with a practice approved or acquiesced in by the carrier, has a right to render the needed assistance and leave the train; and the carrier, in permitting him to enter with knowledge of his purpose, is presumed to agree that he may execute it, and is bound to hold the train a reasonable time therefor. * * * But the duty of the carrier in this respect is dependent upon the knowledge of such person's purpose by those in charge of the train, for without such knowledge they may reasonably conclude that he entered to become a passenger, and cause the train to move after giving him a reasonable time to get aboard. He should, accordingly, notify

some one in the management of the train of his presence, business or purpose, so as to create some relation to the carrier, and thus make it its duty to care for him. And when the carrier's servants have no knowledge, or there are no circumstances tending to put them on notice, that a person who has boarded a train to assist another, intends to alight before the train starts, they are not bound to hold the train until he has had time to disembark, nor to notify him before the train has started." See also Shearman & Redfield on Negligence (5th ed.), section 492a; *Little Rock &c. Ry. Co.* v. *Lawton,* 55 Ark. 428, 18 S. W. 543, 15 L. R. A. 434, 29 Am. St. Rep. 48, and notes.

Applying these just rules to the facts of this case, it is clear that the plaintiff has wholly failed to fix actionable negligence on the defendant company. It was the brakeman's duty to have endeavored to protect the intestate from danger incident to his stepping off a moving train, and if, perchance, disaster attended his efforts in that regard, the master cannot be held answerable in damages for the fortuitous result.

"One who, by his own negligence, has placed another in an emergency, cannot require of that other the wisest possible action in order to save him from the consequences of his own fault." *Wise Ter. Co.* v. *McCormick,* 104 Va. 400, 51 S. E. 731.

We are of opinion that the judgment complained of should be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed.*