Judgment affirmed. <i>Jenkins, P. J., and Hill, J., concur.</i>

DECIDED FEBRUARY 15, 1921.

Action on contract; from Floyd superior court — Judge Wright. June 3, 1920.

*Bunn & Trawick, Willingham, Wright & Covington,* for plaintiff.

*Maddox & Doyal, Nathan Harris,* for defendant.

---

11636.  BLAKENEY v. FRANKLIN.

JENKINS, P. J.  1. Garnishment, under the Georgia statutes, while ancillary to the main suit to the extent that judgment cannot be rendered against the garnishee until after judgment against the main defendant has been obtained, is nevertheless in itself a distinct suit between the plaintiff and the garnishee, requiring separate and independent process and judgment.  *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680); *Ahrens* v. *Patten Co.,* 94 *Ga.* 247, 250 (21 S. E. 523); *Woods* v. *Mass. Mills,* 17 *Ga. App.* 422 (87 S. E. 688); *Lamb* v. *Whitman,* 17 *Ga. App.* 687 (87 S. E. 1095); *Jones* v. *Maril,* 19 *Ga. App.* 216(1) (91 S. E. 445).

2. Process of garnishment thus being a suit within the intent and meaning of sections 3166 and 3167 of the Civil Code (1910), which provide for suit, entry of judgment, and issue of execution against partners " in the firm name " or " against a firm," and provide for judgment against the firm binding all the firm assets and the individual property of the partner served, and section 3190 of the Civil Code further providing that the interest of a partner may be reached by process of garnishment served on the firm, a judgment against a named partnership composed of named individuals, in a garnishment proceeding so maintained, was good and binding not only as to the firm assets of the partnership, but as to the individual property of any partner who had been thus served, and an execution following the terms of such judgment was leviable on the individual property of such a partner.  *Hollister* v. *Bluthenthal,* 9 *Ga. App.* 176(1) (70 S. E. 970; *Taylor* v. *Felder,* 3 *Ga. App.* 106 (59 S. E. ?78); *Page* v. *Citizens Bkg. Co.,* 111 *Ga.* 73, 79

(36 S. E. 418, 78 Am. St. R. 144, 51 L. R. A. 463, and notes); *Parler* v. *Johnson*, 81 *Ga.* 254 (7 S. E. 317); *Ells* v. *Bone*, 71 *Ga.* 466, 469; *Ferry* v. *Mattox*, 2 *Ga. App.* 104 (58 S. E. 291); *Griffin* v. *Colonial Bank*, 7 *Ga. App.* 126 (66 S. E. 382); *Loyd* v. *Hicks*, 31 *Ga.* 140 (3), 142. *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921.

Affidavit of illegality; from city court of Valdosta — Judge Cranford. May 21, 1920.

*Whitaker & Dukes,* for plaintiff in error.

*Franklin & Langdale,* contra.