17873, 17874.  OCILLA GROCERY COMPANY *v.* WILCOX, IVES & COMPANY; and *vice versa.*

1. The right of a creditor to subject to the process of garnishment his debtor's interest in a partnership is not limited to a judgment creditor only; but the debtor's interest in the partnership assets may be reached by a garnishment issued on a suit pending against the debtor. Civil Code (1910), § 3190, construed.

2. In a garnishment proceeding pending in the superior court, wherein a creditor seeks to subject to the process of garnishment the alleged assets of his debtor in a partnership, the creditor, as the plaintiff, may, under the authority of §§ 5406-5413 of the Civil Code (1910), by an equitable amendment filed in aid of the suit, attack as void against creditors the transfer or assignment of the partnership assets made by the debtor during the pendency of the garnishment proceedings, and may by such amendment add as parties defendant the present defendant debtor as seller and transferor of his partnership assets, and his transferee and subsequent transferees including the transferee or transferees in whom the title thereto is at present apparently vested.

DECIDED FEBRUARY 18, 1928.

Garnishment; from Irwin superior court—Judge Eve. November 12, 1926.

*A. J. McDonald, Philip Newbern,* for Ocilla Grocery Company. *Rogers & Rogers,* contra.

STEPHENS, J. This was a garnishment proceeding against the Ocilla Grocery Company, a partnership, issued upon a pending suit of Wilcox, Ives & Company against D. J. Henderson Jr. The garnishee's answer denied indebtedness to the defendant or possession of anything belonging to him. This answer the plaintiff traversed, alleging specially that at the time of the service of summons of garnishment the defendant was a member of a partnership constituting the Ocilla Grocery Company, the garnishee, and that the defendant's interest in this partnership was subject to garnishment. Without proceeding with the trial upon the traverse, the garnishee moved to dismiss the proceedings, upon the

---

Garnishment, 28 C. J. p. 99, n. 27; p. 207, n. 43 New; p. 215, n. 80 New.

ground that, since the garnishment sought to subject partnership assets only, it was void by reason of its having been issued upon a pending suit and not upon a judgment already obtained, the garnishee contending that under the Civil Code (1910), § 3190, the interest of a partner in the partnership assets can be reached only by a creditor who obtained a judgment prior to garnishment, and that for this reason the garnishment, which was based upon a pending suit, was void. The garnishee's motion to dismiss the garnishment was overruled, and the garnishee excepted. On the day on which the motion to dismiss the garnishment was overruled the plaintiff tendered an equitable amendment in aid of the garnishment proceedings, in which amendment it was stated that an alleged sale and transfer by the defendant Henderson of his interest in the partnership, after the service of the summons of garnishment upon the partnership, was, by reason of certain alleged acts, fraudulent and void as against creditors. The plaintiff prayed that the defendant and the defendant's transferee, together with other parties named, be made parties defendant, and that the alleged sales and transfers be declared void, and that the interest of the defendant in the partnership assets be subjected to the process of garnishment, and for other and further relief, etc. This amendment the court disallowed, and by a cross-bill of exceptions the plaintiff excepts to the order of disallowance.

Section 3190 of the Civil Code of 1910 reads as follows: "The interest of a partner in the partnership assets may be reached by a judgment creditor by process of garnishment served on the firm, and shall not be subject to levy and sale. The lien on such interest shall attach from the date of the judgment against the partner." This section must be construed not only in pari materia with other code sections relating to the institution of the process of garnishment (*Gregory* v. *Clark,* 73 *Ga.* 542, 545), but must also be construed with reference to pre-existing laws relative to garnishment and levying upon partnership property. The provisions of this section appear in hæc verba for the first time in the Civil Code of 1863, § 1921. This section repealed and superseded the common-law right of a creditor to levy upon the partnership assets of his debtor. As stated by McCay, J., in *Willis* v. *Henderson,* 43 *Ga.* 325, "Without doubt, by the common law, it was competent to levy upon and sell the interest of a partner in any property

belonging to the partnership: *Shaw* v. *McDonald,* 21 *Ga.* 395. The purchaser got the interest of the partner; he did not get an individual title, equal to the partner's share in the concern, according to the agreement, but the interest of the partner after a settlement of the concern's affairs: 24 *Ga.* 625. Evidently this was a very clumsy and often, a very unjust mode of enforcing the claims of a creditor against one of the firm. The purchaser did not know what he was buying, since his interest depended altogether upon the result of a settlement of the firm affairs. Our Civil Code, § 1908 [Civil Code (1910), § 3190], prohibits the sale of effects so situated and provides that the interest of a partner in the partnership assets may be reached by the process of garnishment. And this, we think, is far better for both parties." Referring to this code section, Trippe, J., in *Holifield* v. *White,* 52 *Ga.* 567 said: "It especially enacts how the interest of a partner in the partnership assets may be reached, and that it shall not be subject to levy and sale. . . Before the Code such an interest might be levied on and sold." See also *Shaw* v. *McDonald,* 21 *Ga.* 395, wherein it was held that in 1856, prior to the adoption of the Code of 1863, the interest of an individual partner in a partnership was subject to levy and sale. The provisions of this code section therefore were not primarily enacted for the purpose of regulating the process of garnishment, but for the purpose of abrogating the creditor's common-law right to subject to levy and sale his debtor's interest in partnership assets, and limiting the creditor, who seeks to subject his debtor's assets in a partnership to the payment of the debt, solely to process of garnishment served on the partnership.

The able counsel for the plaintiff in error stressed the fact that this code section provides that the partnership assets may by process of garnishment be reached by a "judgment creditor," and therefore concluded that only a creditor who has obtained a judgment can institute garnishment proceedings to subject his debtor's interest in a partnership. Since the provisions of this code section were enacted primarily to deprive a judgment creditor of the existing common-law right to levy on partnership assets and to afford him a remedy by garnishment only, the section necessarily has reference only to the rights of a judgment creditor. Since it provides only that the judgment creditor can not enforce his

right against a partner by levy and sale, but is limited in so doing to the process of garnishment served upon the partnership, it does not thereby deprive a creditor, whether he is a judgment creditor or a creditor before judgment, of his rights existing under the present garnishment statutes, or under the garnishment statutes in existence prior to the adoption of the Code of 1863, to institute garnishment proceedings, whether upon a judgment or a pending suit, and to cause summons of garnishment to issue and be served upon any one as garnishee, including individuals, corporations, and partnerships. Since the passage of the garnishment act of December 23, 1822, up to the present time (Cobb's Digest, p. 77; Civil Code of 1910, §§ 5265, 5266, 5269), garnishments may be issued upon pending suits and summons of garnishments be served upon any "*person*" who is supposed to be indebted to, or who has in his possession property or effects belonging to, the defendant. A partnership is but an association of persons, and has always been amenable to suit at common law. *Chambers* v. *Sloan,* 19 *Ga.* 84; *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328); Civil Code (1910), § 3167, which is a codification of an act of the year 1840. The institution of garnishment proceedings and the service of summons based thereon is but a suit, and a partnership may be a garnishee. *Blakeney* v. *Franklin,* 26 *Ga. App.* 305 (105 S. E. 872).

We conclude that under the present law partnership assets belonging to a defendant may be reached by process of garnishment based upon a pending suit. Of course no funds subject to garnishment, whether partnership assets or otherwise, can be reached by levy and sale except under a judgment against the garnishee which can be obtained only after the creditor has become a "judgment creditor" by the reduction to judgment of his claim against his debtor. The court properly overruled the garnishee's motion to dismiss the garnishment proceedings.

2. Since the issue raised by the garnishee's answer and the plaintiff's traverse thereto is whether the assignment by the defendant Henderson of his interest in the partnership was a fraud as against creditors, and since, as was held in *Knight* v. *Herring,* 161 *Ga.* 58 (129 S. E. 526), this issue can not be determined, even as between the plaintiff and the garnishee, unless the assignee holding title to the plaintiff's interest under the assignment has

been made a party to a proceeding attacking the validity of the assignment, and since, even in a suit at law pending in the superior court, equitable relief to either party may be afforded by an equitable amendment making additional parties, if necessary, after proper notice, as provided in the Civil Code (1910), §§ 5406-13, the plaintiff was entitled, by the amendment offered, which · contained sufficient allegations of fraud, to have the defendant and his transferee and the latter's transferee, who had by transfer acquired the defendant's interest in the partnership, made parties defendant, after due and legal notice.   The trial judge therefore erred in refusing to allow the plaintiff's amendment which sought to make the defendant, D. J. Henderson Jr., his alleged transferee, D. R. Henderson, and the latter's transferees, Mrs. S. K. Dill and Mr. S. K. Dill, parties defendant.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill.  Jenkins, P. J., and Bell, J., concur.*