GEORGE P. CURRY, plaintiff in error, *vs.* THE NATIONAL BANK OF AUGUSTA, defendant in error.

1. A plaintiff in garnishment is not entitled to enter a judgment against the garnishee, because the answer was filed in vacation, the same having been so filed subsequent to the term next after service of the summons and before judgment was obtained against the principal debtor.
2. If the answer admits indebtedness to the defendant of a certain sum, but sets up that he is indebted to the garnishee in a certain other sum of a much larger amount, and the plaintiff asks a judgment for the sum so admitted, on the ground that a claim of the garnishee against the principal debtor, if not due, cannot be retained under the doctrine of set-off, and it does not appear from the pleadings that it is not due, the plaintiff should traverse the answer and prove the fact on which he relies, before he can assert any right to the judgment he seeks.
3. Where a garnishee discharges himself by his answer, he is entitled to a judgment against the plaintiff for the cost.

Garnishment. Costs. Before Judge GOULD. City Court of Augusta. May Term, 1874.

On December 22d, 1873, Curry instituted an action of complaint against Milledge L. Bonham, as maker, and Graham & Butler, as acceptors, on a draft dated April 7th, 1873, and due November 1st, next thereafter, for $130 00, returnable to the February term, 1874, of the city court of Augusta. On the same day process of garnishment was served on the National Bank of Augusta. On April 4th, 1874, in vacation, the garnishee answered denying all indebtedness to the defendants, except in the sum of $67 06, which appeared on its books, to the credit of Graham & Butler. The answer also set up that Graham & Butler were indebted to the garnishee in the sum of $25,000 00, or other large sum, and it therefore claimed the right to retain the $67 06 aforesaid, to be applied to said indebtedness. On May 25th, 1874, the plaintiff obtained a judgment against the defendants. Upon the call of the case against the garnishee the plaintiff moved for a judgment for the full amount of his claim. The motion was overruled and plaintiff excepted.

The plaintiff then moved for a judgment for the amount

admitted to be due to Graham & Butler. This the court re-fused to allow, holding that the garnishee was entitled to appropriate said sum to the indebtedness to it. To this ruling the plaintiff excepted.

The garnishee moved for a judgment for $5 00 costs against the plaintiff. This the court allowed and plaintiff excepted.

Error is assigned upon each of the above grounds of exception.

H. CLAY FOSTER, for plaintiff in error.

FRANK H. MILLER; J. C. C. BLACK, for defendant.

TRIPPE, Judge.

1. The answer of the garnishee was not filed at the return term of the summons, nor was that the term at which judgment could have been obtained against the principal debtor. It was the first term after suit was commenced against him. The answer of the garnishee was made out and filed after the adjournment of that term, but before the judgment term for the main suit. We do not think that by this the garnishee forfeited all right, and was subject to have judgment entered against him as a defaulting garnishee who does not answer at all. It may be true that a garnishee should not make answer before the term of the court to which the summons is made returnable; but if no judgment can then be rendered against the main debtor or the garnishee either, the latter, by not then answering, should not be in a worse condition than the principal debtor. If the debtor does not defend or answer to the suit against him at the first term, he may still do so at the next. It is true, he may be put on terms, but never such terms as will deny him all rights and absolutely entitle the plaintiff to a judgment. Here nothing was asked of the garnishee. The right was claimed by the plaintiff to reject the answer altogether, and to take judgment for another person's debt against the garnishee. The court did not err in refusing such a judgment: See Code, sections 3304, 3536; 15 *Georgia,* 188; 32 *Ibid.,* 118; 38 *Ibid.,* 299; 45 *Ibid.,* 489.

2. The answer admitted that on the books of the garnishee there was a small balance due the debtor, but set up that there was a much larger indebtedness owing by that debtor to the bank. If the plaintiff rely on the point that the indebtedness of his debtors to the garnishee was not due, and that on that ground it could not be set off by the garnishee against what it owed to such debtors, he should have traversed the answer and set up that fact. It does not so appear by the answer. We take the answer to mean that such indebtedness was *due*. The point was made that the amount which the bank owed to the plaintiff's debtors was an amount due them as depositors. The answer does not so state, but simply says that the sum of $67 00 is to their credit on the books of the bank. The character of that liability on the part of the bank is not shown.

3. Where a garnishee discharges himself by his answer he is entitled to a judgment against the plaintiff for his cost. This we take to be the proper construction of section 3549 of the Code. No point was made that the sum of $5 00 was an improper amount.

Judgment affirmed.