### DWINELL *vs.* BROWN.

One in possession of land under a claim of right renting it to a tenant, who enjoys the full term of the lease without being interrupted or required to attorn to another, the tenant cannot recover back the money paid to his landlord, though the same land may afterwards be recovered from his landlord by action of ejectment, or by a voluntary surrender thereof to a superior title without suit.

Landlord and tenant.   Actions.   Contracts.   Before Judge UNDERWOOD.   Floyd Superior Court.   March Adjourned Term, 1880.

To the report contained in the decision it is only necessary to add that Brown & Lumpkin brought complaint against Dwinell on an account for money had and received; that the jury found for the plaintiffs, and the court refusing a new trial, the defendant excepted. Brown succeeded the firm, and was the real party to the suit.

J. BRANHAM, for plaintiff in error.

J. H. REESE; C. D. FORSYTH, for defendant.

CRAWFORD, Justice.

Dwinell, the plaintiff in error, being in the possession of certain real estate in the city of Rome, rented to Brown & Lumpkin the right to build upon it a meat market, for

which they were to pay him $5.00 a month, with the right reserved to them of removing the building, unless they were in arrears for rent, then it was to be subject to the payment of the same.   In pursuance of this contract the building was put up, used and occupied as a meat market, and most of the rent paid upon it until the lot was sold, at which time the rent contract was to terminate.

The lot, after this sale, was surveyed, and it was then ascertained to be no part of Dwinell's as it had been theretofore considered.   Brown having the whole interest in the assets of the firm, then brought suit to recover the amount of money paid over to Dwinell for rent, and the question in this case is, whether he is legally entitled to recover it back?

The testimony shows that Dwinell was at the time of the renting, and for some time before, in the possession of the land, claiming it in good faith, using it as his own, and realizing from it an income.   That Brown & Lumpkin after the renting, entered, cut away a part of Dwinell's improvements, built upon and used the premises to the end of their contract, and paid all except a small part of the rent money.

Upon this state of facts our judgment is that they cannot recover; they got what they bargained for, enjoyed the benefit of their contract without interruption for the time agreed on; there was no fraud, or deceit, or bad faith on the part of Dwinell, and no reason therefore on their part for complaint.   Besides, they were his tenants, and unless they were disturbed in their possession, or had been called upon and required to attorn to another, they could not have defeated him in the collection of his rents. Even if it be true that he rented them the right to occupy land which he thought he owned, but did not, that is a matter with which they had no concern so long as he protected them in its enjoyment, and against the claim of whomsoever might be the true owner.   The contract between them has been fully executed, they receiving the

use and occupation of the land, and he the money for the same.

One in possession of land under a claim of right, renting it to another, who enjoys the full term of his lease without being interrupted, or required to attorn to another, cannot recover back the money paid to his landlord, though the same land may afterwards be recovered from his landlord by action of ejectment, or by a voluntary surrender thereof to a superior title without suit.

Judgment reversed.