## Darnall & Susong *vs.* Wood & Brother.

While the code, §3549, provides for taxing the plaintiff in garnishment with the expense incurred by the garnishee in "making" a true answer to the garnishment, it authorizes no allowance for counsel fees incurred for the purpose of upholding the answer against a traverse of the same, though the finding of the jury be against the traverse and in favor of the answer. The expense of litigating the truth of an answer is not comprehended in the expense of making it, but is additional thereto.

March 25, 1889.

Garnishment. Attorneys' fees. Traverse. Words and phrases. Before Judge Harden. City court of Savannah. November term, 1887.

Darnall & Susong sued J. Ben. Wilson, and had summons of garnishment issued and served on J. S. Wood & Bro., who answered, denying any indebtedness, or that they had any property or effects in their hands. In their answer they prayed the court to award them the sum of $10 for costs expended in making the return. The answer was traversed by plaintiff, and at the May term, 1887, of the court to which the garnish-

ment was returnable, the issue made by the answer and traverse was tried and a verdict rendered against the traverse. At the November term, 1887, the garnishees filed a motion asking leave to enter judgment *nunc pro tunc* in their favor against the plaintiffs for $10 expenses incurred in making answer to the summons of garnishment, and for $50 for expenses incurred in sustaining their answer against the traverse. In support of this motion they introduced an account in favor of their attorneys against themselves, containing the two items, to services in making answer, $10, and to services in contesting traverse, $50. One of these attorneys testified that the services charged for in the account had been rendered to the garnishees by himself and an associate attorney; that these expenses had been incurred by the garnishees in making out their answer and in sustaining the same against the traverse; that the charges were reasonable fees for the services rendered, were charged against the garnishees and would be collected from them without reference to how this motion was decided; and that the charge was made *bona fide.*

Plaintiffs did not object to the taxing of $10 fees for making the answer, but objected to the granting of the motion and to the taxing of any amount for the expenses of attorneys' fees for conducting the garnishees' case on the trial of the traverse. The court overruled these objections, and permitted the garnishees to enter judgment *nunc pro tunc* that they "do recover of said plaintiffs the sum of $60 for expenses incurred in making their answer to the summons of garnishment." To so much of the judgment as permitted a judgment to be entered for $50 as expenses incurred for attorneys' fees in sustaining the answer against the traverse, plaintiffs excepted.

J. G. & D. H. CLARK, for plaintiffs in error.

J. E. WOOTEN and R. R. RICHARDS, by brief, *contra*.

BLECKLEY, Chief Justice.

The single question is, whether there is any authority of law for taxing the plaintiff in garnishment with the fee paid by the garnishee to his counsel for services rendered in resisting a traverse to the answer, the answer having been found true by the verdict of a jury? "In all cases where process of garnishment shall be served upon any person, and such person shall . . . answer truly that he owes the defendant nothing, if the garnishee shall have to incur any expense in making his or her answer to the garnishment, . . . the amount so incurred shall be taxed in the bill of costs, under the approval of the court, and be paid by the party cast in the suit, as other costs are now paid." Code, §3549. This is the statute under which the claim is made, and we think that the intent of it is plain, and that there is no ambiguity in the letter. The expense incurred in *making* the answer is provided for, but the expense of vindicating the answer against a traverse of its truth is not within the statute. In the present case, the court allowed sixty dollars for expense incurred in "making" the answer, though the claim and the proof severed the expenses into two items, ten dollars for making and fifty dollars for sustaining the answer. The ten dollar allowance was lawful and is not resisted. The fifty dollar allowance was unwarranted, and must be stricken from the judgment. What is denominated "cost" in *Curry vs. The Bank,* 53 *Ga.* 28, must have been the expense of making the answer, as in that case there was no traverse. Nor was there any in *Sulter vs. Brooks,* 74 *Ga.* 401.

Judgment reversed.