MOORE & VALENTINO *v.* READ.

Under the facts, the allowance of $25 to the garnishee for expense of making his answer, was not erroneous.

March 12, 1890.

Garnishment. Before Judge ATKINSON. Glynn superior court. May term, 1889.

Moore & Valentino sued Carlton & Sleeper for $296.-05, and caused summons of garnishment to be issued and served upon Read, who answered denying any indebtedness. In this answer he stated that he had been to the expense of employing counsel to advise him in making it, and had incurred the necessary expense of their fees for that service; and prayed that he might recover of the plaintiffs the reasonable and fair fees of

his attorneys at law for advising him and preparing his
answer. The answer was traversed by the plaintiffs,
and the issue thus made was determined in Read's favor
by the verdict of a jury; but on the trial no evidence
was introduced as to the services of the attorneys or
their value, and no verdict was asked for attorney's fees,
nor were they mentioned in the verdict. About a
month after the verdict was rendered, Read moved the
court, upon the prayer of his answer, to grant him a
judgment against plaintiffs for a reasonable sum as at-
torneys' fees. The plaintiffs objected on the ground
that they were not liable for counsel fees of the gar-
nishee, under the facts of the case. This objection was
overruled, and the plaintiffs excepted.

An attorney at law testified that the preparation and
filing of the answer of the garnishee in the case were
worth $25. One of Read's attorneys testified that, in
order to ascertain whether Read was indebted to the
defendants and what his rights and duties were and
what his answer should be, his attorneys had to examine
a long contract, and the accounts between the parties,
the same being extended over a long period of time,
etc. The plaintiffs objected to this testimony on the
ground that the services therein mentioned could not
be considered by the court or by the witnesses in esti-
mating the value of the services and the fee for prepar-
ing the answer. The objection was overruled, and the
plaintiffs excepted. There was testimony of two other
attorneys at law that, for preparing an answer in the
case, from five to ten dollars was a sufficient fee, but if
counsel were compelled to examine a long contract and
look into mutual accounts between the garnishee and
defendants in order to prepare the answer, the services
would be worth twenty-five dollars or more. The
plaintiffs introduced no testimony. The court awarded
the garnishee twenty-five dollars, to be taxed as costs

for his attorney's fees for making and preparing the answer. The plaintiffs excepted. Both sides cited 82 *Ga.* 558.

JOHNSON, SMITH & JOHNSON, for plaintiffs.

COURTLAND SYMMES, by J. H. LUMPKIN, *contra.*

BLANDFORD, Justice.

The plaintiffs sued out a summons of garnishment, which was served upon Read, and Read employed counsel to answer the same. The garnishee was discharged, under the answer. Read claimed for expenses in answering the garnishment $25, and submitted evidence to the court upon that question, which showed that it was worth from $10 to $25 to answer the garnishment. It was shown by the evidence that his counsel had to examine a very lengthy account between Read and the debtors, in order to ascertain whether Read was indebted to them anything or not. The court allowed him $25, and this is assigned as error. We think there was no error in this judgment, and it is                        *Affirmed.*