## PRATT v. YOUNG.

Under section 3536 of the code, the magistrate before whom affidavit has been made and bond given may, after the issuance and service of one or more summonses of garnishment, issue others from time to time before trial; and this may be done although the bond and affidavit are of file in the clerk's office of the court to which they appertain. It is unnecessary, by order of court or otherwise, to withdraw them from such office, or for them to be presented to the magistrate or to be put into the hands of the ministerial officer by whom the summons is served. That officer may serve additional summonses, and afterwards make return of such service by going to the clerk's office and entering the same upon the affidavit or bond.　　　　　　*Judgment reversed.*
August 1, 1892.

Garnishment.　Practice.　Service.　Before Judge MADDOX.　Floyd superior court.　September term, 1891.

In a suit of Pratt against Keating a judgment was rendered against Young as garnishee. In this judgment it was recited, among other things, that on February 10, 1886, there was personal service of summons of garnishment made on Young in the case, that the same was in default, no answer to the summons having been filed by Young, and that the summons was returnable to the March term, 1886, of the court, and Young had failed to answer. This judgment was rendered in July, 1889. Afterwards Young filed his petition to set aside the judgment. This petition admitted that among the papers in the case there did appear, upon the garnishment affidavit and bond of the plaintiff, an indorsement

or return purporting to have been made and signed by Carwile, constable, dated February 10, 1886, to the effect that Carwile had on that day personally served petitioner with such summons; but alleged that that return was wholly untrue; that petitioner had never been served with a summons and never heard of any such summons until recently; that he resides, and during the years mentioned did reside, in Pennsylvania, and was entirely ignorant of the proceedings against him until the latter part of the May preceding his petition, when he heard of the existence of some judgment against him in the court, and about June 1st was informed what it was, and about the middle of June for the first time of the existence of such return of service, the papers being, as reported, for a time lost and inaccessible. He therefore traversed the return and prayed that the truth of it might be passed upon and the return set aside, as well as the judgment based thereon. He alleged further, that even if the return were true it would be illegal, because at the time the service purported to have been made the garnishment affidavit and bond were of file in the court (the affidavit and bond were filed in clerk's office December 22, 1885), having been there duly returned and filed by said officer with his entry thereon of service upon a number of other persons on December 22, 1885. Petitioner has never been indebted nor is he now indebted to Keating in any sum whatever, nor has he at any time held nor does he now hold any money, effects or property of Keating.

There was a verdict for the movant, and the motion for new trial made by Pratt was overruled, to which he excepted. In addition to the grounds that the verdict was contrary to law, evidence, etc., it was alleged in the motion that the court erred in charging: " The movant files his petition to set aside the judgment therein described, on two grounds: 1st, because the movant has

never been served with a summons of garnishment in the case of William H. Pratt *versus* Patrick Keating, defendant, and John J. Young *et al.*, garnishees, set out and mentioned in his petition filed in this case. 2d, because if it were true, as appears from the return of the officer, that service had been made upon movant as there recited, the same would be illegal and of no effect, for the reason set out in movant's petition. Counsel for movant at the close of the evidence in this case having stated that the question of service was abandoned, there remains but one question for you to try, and that is, was the summons of garnishment served on Young, legally issued and served, that is, was the service good in law; and further, was the judgment rendered against the movant, John J. Young, founded upon said service, valid and binding? On this point I charge you, it was necessary in this case for an order to be taken withdrawing the garnishment affidavit and bond from the clerk's office of the superior court, in order for the summons of garnishment to be legally issued and served; if that does not appear the service on Young is illegal and void. Officers are presumed to do their duty, but this is a presumption of law and may be rebutted by proof. I charge you further, that it was necessary for the justice of the peace to have had the affidavit and bond before him when he issued the summons of garnishment directed to Young, in the case of Pratt against Keating. If he did not have it before him at that time, he had no legal authority for issuing the summons of garnishment, and the judgment rendered on the service of the summons of garnisment thus issued by Thomas G. Watters, the justice of the peace, against Young, the garnishee, is illegal and void. You will inquire whether the presumption of the law that Watters, justice of the peace, issued the summons of garnishment in the manner required by law, as it was his duty to do, is rebutted;

and whether Carwile had the affidavit and bond with him when he served the summons on Young. If you find this legal presumption, that officers do their duty, is rebutted by proof, the form of your verdict will be, 'We, the jury, find for the movant.' If this presumption of law is not rebutted by proof, the form of your verdict should be, 'We, the jury, find against the movant'."

Also, because during the trial of the case, after counsel for Young had abandoned the point of service of the summons, the whole case was *res adjudicata*, because service on Young was thus necessarily admitted, and therefore, having had his day in court, Young was concluded by the judgment against him; that judgment, whether right or wrong, was final, not excepted to, but acquiesced in by Young, and was a complete reply to his complaint as set out in his petition.

Also, because a motion to vacate the judgment will not lie in the case as made by the petition, because the motion and petition are not based upon any defect not amendable, which appears on the face of the record or pleadings.

HENRY WALKER, for plaintiff in error.
C. N. FEATHERSTON, *contra*.