THE AHRENS AND OTT MANUFACTURING COMPANY *v.* THE PATTON SASH, DOOR AND BUILDING COMPANY *et al.*

1. Where it affirmatively appears both from the bill of exceptions and from the certificate of the judge thereto that no part of the record is necessary to be sent here by transcript, the writ of error will not be dismissed because there is no transcript.
2. While successive garnishments may issue in a pending case commenced by attachment, yet after the case has terminated in a judgment against the defendant in attachment, no further garnishment can issue founded upon the same attachment, notwithstanding an issue may still be pending between the plaintiff and a former garnishee touching the truth of the answer made by such garnishee to a garnishment issued in due time.
3. As the defendant in attachment, as well as the garnishee, is interested in the question of whether the garnishment has legally issued, the garnishee does not, by answering the garnishment, waive his right to have the proceeding dismissed at the hearing of an issue traversing his answer, the ground of the motion to dismiss being that there was no legal authority for issuing the garnishment because judgment had previously been rendered against the defendant in the attachment suit, and thus the suit as a basis for summons of garnishment was no longer pending.

August 6, 1894.

Garnishment. Before Judge TURNBULL. City court of Floyd county. September term, 1893.

Plaintiff sued out an attachment against Buttorff, which was levied by serving summons of garnishment on the Patton Sash, Door & Building Company (a corpo-

ration) on August 27, 1892. Declaration in attachment. was filed September 12, 1892, at the first term. The garnishee answered on September 16, 1892, denying indebtedness or that it had any property or effects of defendant. To this answer plaintiff filed a traverse on January 16, 1893. On May 9, 1893, during the March term, judgment was rendered in favor of plaintiff against defendant, to be levied of the property and effects attached and money garnished. On June 1, 1893, plaintiff caused a second summons of garnishment to be served on J. B. Patton, who, on June 12, answered denying indebtedness or that he had any property or effects of defendant; which answer also plaintiff traversed. The issues made on the traverses were submitted to the court without a jury. The issue was found in favor of the answer of the corporation garnished, and the court rendered judgment in its favor against plaintiff and its bondsmen for cost, and an attorney's fee of $5 to be taxed for answering the summons of garnishment, motion being made by garnishee's counsel for such fee. The hearing proceeded on the issue formed by the traverse of the answer of Patton. His counsel insisted that the second summons, having been issued and served after the judgment in attachment, could not issue on the original affidavit and bond. It was contended for plaintiff that additional summons could issue from time to time before trial, without giving any additional bond; and that the garnishee having filed his answer at the June term, without reserving any objection, and the same having been traversed, and no objection made until during the progress of the hearing, plaintiff having no notice of such objection until made during the trial, the point was waived and it was too late to insist upon it. The court rendered judgment in favor of the garnishee, dismissing the summons and proceedings against him as garnishee. Plaintiff excepted.

HENRY WALKER, for plaintiff.

DEAN & SMITH and J. E. DEAN, for defendants.

LUMPKIN, Justice.

1. One of the main purposes of the Supreme Court practice act of 1889 was to dispense with irrelevant and superfluous matter in bringing cases to this court. Accordingly, we have no difficulty in holding that where no part of the record is necessary to be sent up, the writ of error should not be dismissed because there is no transcript of the record. In the present case it affirmatively appears that the bill of exceptions contains everything necessary to a proper adjudication of the case. In overruling the motion made to dismiss it, we are conforming to the spirit, if not the letter, of the act of 1889, and also to the will of the legislature, very frequently manifested in recent years, and expressly stated in its most recent enactment with reference to practice in this court, to the effect that cases shall not be dismissed when there is enough before this court to enable it to ascertain substantially the real questions made and which the parties seek to have decided.

2. Garnishments may issue where suit is pending, or where judgment has been obtained. Code, §3532. In the former case, successive garnishments may issue from time to time *before trial* without giving any additional bond. Code, §3536. In no case is the plaintiff entitled to a judgment against the garnishee until he has obtained judgment against the defendant. Code, §3547. Where a suit is begun by attachment and a garnishment is issued, and afterwards a judgment in the attachment case is rendered in favor of the plaintiff against the defendant, that case is ended, notwithstanding an issue may still be pending between the plaintiff and the person garnished, upon a traverse to the garnishee's answer. The pendency of this issue will not authorize the plaintiff, after obtaining judgment against the prin-

cipal debtor, to have a garnishment issued against another person by virtue of the affidavit and bond originally sued out. If he desires to obtain other garnishments upon the judgment already rendered in his favor, his remedy clearly is to institute new proceedings for this purpose, which he is authorized to do under section 3532, above cited.

3. Where the plaintiff, after obtaining a judgment against his debtor, causes an unauthorized second garnishment to be issued, as above indicated, although that garnishee may answer denying indebtedness to the defendant, he will not thus be estopped from moving, at the trial of an issue formed upon a traverse to his answer, to dismiss the entire garnishment proceeding upon the ground that the garnishment itself was unlawfully issued. Garnishment bonds are required for the protection of the defendant in the suit or in the judgment upon which the garnishment is issued, and therefore such defendant is interested in the question as to whether or not a garnishment is legally issued. It is his substantial right to have a valid garnishment bond as a basis for all garnishments sued out in a case to which he is a party defendant. A garnishment is a suit, and the bond is the foundation of it. If the foundation be wanting, the suit is a nullity. These things being so, the mere answering of a garnishment issued without legal authority will not prevent the garnishee from raising the question as to the validity of the garnishment itself. The garnishment suit being void, and the defendant in the main suit or judgment being vitally interested in having the void suit so declared, no waiver by the garnishee can make it a valid proceeding. If it could, and the plaintiff obtained judgment against the garnishee, he would thus be enabled to collect money to which, as against the original debtor, he was not legally entitled. Consequently, the garnishee would not be pro-

tected, because, in a suit against him by his creditor, it would be no defence to urge he had paid out the money upon a judgment rendered on a garnishment illegally issued. For this reason, it would be clearly his right to move to dismiss the garnishment proceeding on the ground that the original suit, as a basis of a summons of garnishment, was no longer pending; and if the above reasoning is sound, his right to make this motion would not be cut off merely because he had filed an answer to the garnishment. *Judgment affirmed.*