PATON & COMPANY *v.* CHAMBLISS & COMPANY.

LITTLE, J. 1. Where a creditor sued out a garnishment proceeding based upon a pending action, and thereafter obtained judgment against the defendant, and, while this judgment was before the Supreme Court for review, caused an additional summons of garnishment to be issued on the original affidavit and bond : *Held*, that, after the affirmance of the judgment of the trial court by the Supreme Court, it was not erroneous to dismiss the garnishment proceeding in so far as it related to the last summons issued. Under the facts recited, the same was not authorized by that part of section 4709 of the Civil Code which declares that "Summons of garnishment may issue under the provisions of this section, from time to time, before trial, without giving any additional bond." See also *Ahrens* v. *Patton*, 94 *Ga.* 247.

2. In such a case, though the truth of the garnishee's answer denying indebtedness was not decided by a trial of the traverse thereof, it was nevertheless proper to tax as costs in the case the expenses incurred by the garnishee in making his answer, including the fee of the attorney for preparing the same. Civil Code, § 4728 ; *Curry* v. *Bank*, 53 *Ga.* 28 ; *Sulter* v. *Brooks*, 74 *Ga.* 401; *Darnall* v. *Wood*, 82 *Ga.* 556 ; *Moore* v. *Read*, 84 *Ga.* 658.

*Judgment affirmed. All the Justices concurring.*

Argued January 3, — Decided February 5, 1902.

Garnishment. Before Judge Littlejohn. Sumter superior court. June 21, 1901.

*J. H. Lumpkin,* for plaintiffs.

*W. A. Dodson, J. A. Hixon, Allen Fort,* and *E. A. Hawkins,* contra.