### 6269. WOODS v. MASSACHUSETTS MILLS IN GEORGIA.

BROYLES, J. 1. A garnishment proceeding is a suit. *Ahrens* v. *Patton,* 94 *Ga.* 247 (21 S. E. 523).

2. Under section 5269 of the Civil Code (1910), summons of garnishment, except in cases of attachment, may issue from time to time before trial of the garnishment suit, without giving additional bond. *Pratt* v. *Young,* 90 *Ga.* 39 (15 S. E. 630).

3. The answer of the garnishee did not end the case, where a judgment thereon was not taken, and where a judgment discharging the garnishee could not have been taken until the next succeeding term of court. In this case (which was not an attachment case), where the answer of the garnishee was filed March 1st, and the traverse thereto was filed March 10th (during the same term of court), and the second summons of garnishment was issued and served two days later (March 12th) on the same affidavit and bond, although the traverse was never served on the garnishee, the suit was still pending, for, under section 5284 of the Civil Code (1910), the plaintiff had the right to serve the traverse upon the garnishee at any time up to ten days of the trial of the garnishment suit, and the record in this case shows that that time had not expired when the second summons of garnishment was issued; and therefore the con-

tention of the defendant in error that the garnishment bond had become functus officio, and that no further summons could be issued on the affidavit and bond, is without merit. The decisions in *Ahrens* v. *Patton*, supra, and *Paton* v. *Chambliss*, 114 *Ga.* 626 (40 S. E. 760), cited by counsel for defendant in error, are not in conflict with the above ruling.

4. The court erred in sustaining the affidavit of illegality to the fi. fa., and in dismissing the levy and quashing the fi. fa.

*Judgment reversed.*

DECIDED JANUARY 6, 1916.

Illegality of execution; from city court of Floyd county—Judge Reese. December 15, 1914.

*Harris & Harris*, for plaintiff. *M. B. Eubanks*, contra.