18918. TRUST COMPANY OF GEORGIA, executor, *v.* JACKSON.

JENKINS, P. J. 1. Under the provisions of section 5269 of the Civil Code (1910), summons of garnishment may issue from time to time before trial, without giving additional bond. If the affidavit and bond for garnishment be based upon a pending suit, the right of the plaintiff to cause the issuance of summons of garnishment from time to time, without giving additional bond, is cut off by the trial of the pending suit and the entering of judgment therein. *Ahrens* v. *Patton*, 94 *Ga.* 247 (21 S. E. 523); *Paton* v. *Chambliss*, 114 *Ga.* 626 (2) (40 S. E. 760). But if the affidavit and bond for garnishment be based upon a judgment already obtained, summons of garnishment may issue from time to time before trial of the garnishment case, without giving additional bond, and the right of the plaintiff to have such successive summons issued is not cut off, and the affidavit and bond for garnishment do not become functus officio, until the trial of the garnishment case, since, in such case, the garnishment proceeding becomes the pending action within the meaning of the code-section cited. *Ahrens* v. *Patton*, supra; *Pratt* v. *Young*, 90 *Ga.* 39 (15 S. E. 630); *Woods* v. *Massachusetts Mills*, 17 *Ga. App.* 422 (87 S. E. 688). In such case the answer of the garnishee does not end the case, no judgment being taken thereon; and until a disposition of the garnishment case, the affidavit and bond remain of full force and effect, and additional summons may issue thereon.

2. In the instant case the motion of the garnishee to set aside and vacate a judgment entered against her, based upon the contention that the judgment was void because it was entered on account of the failure of the garnishee to answer a second summons of garnishment, issued without an additional affidavit and bond, was, under the ruling set forth above, erroneously sustained.

3. The disputed grounds of the motion which allege lack of service of the second summons of garnishment, and the bankruptcy of the main debtor pending the garnishment proceeding, will not avail the garnishee, since

there was no traverse of the return of service upon her, and since no proof was offered as to the bankruptcy of the main debtor.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*John W. Morrow,* for plaintiff.
*Aldine & Hewitt W. Chambers,* for defendant.