22068. SOUTHERN PACIFIC COMPANY *v.* DAVISON-PAXON
COMPANY.

JENKINS, P. J. "Neither the superior court nor this court can consider questions raised in a petition for certiorari that were not before the trial judicatory." *Duren* v. *Thomasville,* 125 *Ga.* 1 (3) (53 S. E. 814); *O'Quinn* v. *Homerville,* 42 *Ga. App.* 628 (157 S. E. 109). A fortiori, neither the superior court nor this court can consider a motion to dismiss a certiorari based upon defects in the pleadings in the lower court or upon alleged errors in the proceeding sought to be reviewed, with reference to which no question was raised in the trial court. Accordingly, in the instant garnishment proceeding in the municipal court of Atlanta, in which a new trial was refused the plaintiff by the trial judge and that judgment was affirmed by the appellate division, the garnishee could not raise for the first time, by motion to dismiss the certiorari brought to review the judgment of the appellate division, any question as to the sufficiency of the trial judge's approval of the brief of evidence, or as to the sufficiency of the bond upon which the summons of garnishment was issued. This is true even though the alleged defect in the bond for garnishment might have been such as to render it void, since the purpose of the certiorari proceeding was to correct alleged errors in the trial, and no question as to the sufficiency of the garnishment bond was presented to or ruled upon by the inferior judicatory.

2. If an affidavit and bond for garnishment be based upon a pending suit, the right of the plaintiff to cause the issuance of summons of garnishment from time to time without giving additional bond, as authorized by the Civil Code (1910), § 5269, is cut off by the trial of the pending suit and the entering of judgment therein. *Ahrens* v. *Patton,* 94 *Ga.* 247 (21 S. E. 523); *Paton* v. *Chambliss,* 114 *Ga.* 626 (40 S. E. 760). But if the affidavit and bond for garnishment be based upon a judgment already obtained, summons of garnishment may issue from time to time *before trial of the garnishment case,* without giving additional bond, and the right of the plaintiff to have such successive summons of garnishment issued is not cut off, and the affidavit and bond for garnishment do not become functus officio, until the trial of the garnishment case, since in such case the garnishment proceeding becomes the pending action within the meaning of the code section cited. *Woods* v. *Massachusetts Mills,* 17 *Ga. App.* 422 (87 S. E. 688); *Trust Company of Ga.* v. *Jackson,* 39 *Ga. App.* 52 (145 S. E. 908). Accordingly, where a garnishment is based upon a judgment already obtained, and the garnish-

ment case is disposed of by a finding against the traverse to the answer of the garnishee, amounting to a discharge of the garnishee, that judgment is final and authorizes the losing party to apply for the writ of certiorari. This is true even though, *pending the trial* of the issue made by the answer of the garnishee and the traverse thereof by the plaintiff, additional summons of garnishment, based upon the same affidavit and bond, had been served upon the garnishee.

3. Under the foregoing rulings, the court did not err in overruling the motion to dismiss the certiorari.

4. It is a general rule that where a defendant appears and pleads to the merits of a case without excepting to the jurisdiction of the court, he thereby waives any objection to the jurisdiction over his person. *Ray* v. *Hicks*, 146 *Ga.* 685 (92 S. E. 48). This rule has application to nonresident corporations (*Cincinnati Ry. Co.* v. *Pless*, 3 *Ga. App.* 400, 405, 60 S. E. 8), and may be invoked in a garnishment case. *Phillips* v. *Thurber*, 56 *Ga.* 393, 395; *Flournoy* v. *Rutledge*, 73 *Ga.* 735, 739; *Cranford* v. *Dunson*, 1 *Ga. App.* 319 (2) (57 S. E. 1057). Accordingly, where a nonresident corporation, in answer to a summons of garnishment, without challenging the return of service and without excepting to the jurisdiction of the court, files through its "general agent" an answer denying indebtedness to the defendant, it will be held to have waived any objection to the jurisdiction over its person.

5. Since the garnishee in the instant case voluntarily submitted itself to the jurisdiction of the court for the purpose of having determined the only question presented by its answer of no indebtedness and the traverse denying the truth of such averment, and it appeared from the agreed statement of facts that the garnishee was indebted in a stated amount to the defendant in the execution, a finding in favor of the plaintiff and against the garnishee in the agreed amount was required. In this view, it is not necessary to determine whether the debt owing by the garnishee to the defendant in execution, which represented wages earned by the defendant in execution in another State, had such a situs in this State as would render it subject to the process of garnishment based on a judgment already obtained (*Baxter* v. *Andrews*, 131 *Ga.* 120 (62 S. E. 42, 20 L. R. A. (N. S.) 268); *Armour Packing Co.* v. *Clark*, 124 *Ga. Ga.* 369 (52 S. E. 145)), since no such question was made by the answer of the garnishee. Nor is it necessary to determine whether, for the purpose of determining the only question made by the record, the garnishee might be deemed a resident of the State of Georgia, so as to render it subject to the process of garnishment in the courts of this State, since the voluntary general appearance of the garnishee, in answer to the summons, through a person who was shown to be its general agent, appointed in writing by the corporation, amounted to a waiver of the jurisdiction of the court over the person of the garnishee.

6. Under the foregoing rulings, the judge of the superior court did not err in sustaining the certiorari and entering final judgment in favor of the plaintiff for the amount which the agreed statement of facts shows was in the hands of the garnishee.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided September 21, 1932.

 

*McDaniel, Neely & Marshall, Thomas M. Stubbs,* for plaintiff in error.

*Houston White, John J. Poole,* contra.