36781.  ESTRIDGE *v.* JANKO.

DECIDED, JULY 16, 1957.

*Leonard S. Counts*, for plaintiff in error.

*M. Harry Steine*, contra.

QUILLIAN, J. ■ The first ground of exception to the judgment complains that over timely objection of the plaintiff the garnishee was permitted to testify that by reason of the breach of a contract by the defendant certain damages were sustained by him subsequent to the filing of his answer. The contract referred to was a contract by the terms of which the defendant rented certain premises to the garnishee, and for the same consideration and as a unit with the rented premises hired to him certain articles of personalty. The articles were adapted to use with the premises for the purpose they were let. The garnishee contends that while the damages he sustained accrued after the filing of his answer, the breach of the contract from which they flowed occurred prior thereto. The facts which he insists constituted the breach of the contract by the defendant were that some of the articles hired with the rented premises were levied on and sold under a mortgage execution which issued against the defendant.

In order to make clear our ruling as to the special ground of exception we review some of the principles relative to defenses in garnishment cases.

A garnishment is a suit instituted by the plaintiff against the garnishee. *Myrick* v. *Jones-Stewart Motor Co.*, 39 *Ga. App.* 614 (1) (147 S. E. 917). The right of action declared on is not a debt or demand owing by the garnishee to the plaintiff, but is the plaintiff's statutory right to recover of the garnishee all sums subsequent to garnishment that may be due by him to the plaintiff debtor at the time of the summons of garnishment and accruing thereafter up until the time the garnishee files his answer in conformity with the Code section, and the right to have the garnishee account to him for property, money and effects of the defendant in his hands at the time the summons is served or that come into his hands prior to the filing of his answer.

The plaintiff debtor is generally referred to as the defendant in garnishment or simply as the defendant.

The right of the garnishee to set off or have balanced against debts and demands due him by the defendant is clearly stated in *Holmes* v. *Pope & Fleming*, 1 *Ga. App.* 338 (2) (58 S. E. 281).

The lien of garnishment is held to attach when the summons is served and to impress all sums that become due by the garnishee to the defendant in the interim between the service of the summons and the filing of the garnishee's answer. When the answer of the garnishee is filed the status of indebtedness between the defendant and the garnishee upon which the right and quantum of the plaintiff's recovery depends, becomes fixed. The plaintiff's right of recovery is not thereafter affected, increased nor diminished by debts or demands accruing to the credit of the defendant or garnishee against the other. The rule has a notable exception. When there has been a breach of a contract or the commission of a tort by the defendant from which, though not accrued when the garnishee's answer is filed, damages will flow to the garnishee, or where events have transpired when the answer is filed that render it certain that the defendant will become liable to the garnishee for a debt or demand that has not then matured.

Code § 46-301 contains the provision: "If the garnishee shall be unable to answer as herein provided, his inability shall appear in his answer, together with all the facts plainly, fully, and distinctly set forth, so as to enable the court to give judgment thereon."

In the circumstances stated the garnishee may set up in his answer that for certain reasons, such as pending equities between him and the defendant, he is unable to answer or in what amount he is indebted to the defendant or whether property, money or effects in his hands belong to the defendant and thus prevent a judgment being entered against him, until the eventual status of liability between him and the defendant may be ascertained.

But in order for the garnishee to claim the benefit of the quoted provision of Code § 46-301 he must meet its requirements and set up in his answer that he cannot answer the summons of garnishment at the time required by law, and allege

the reasons for his inability to answer. In this case the garnishee's answer simply denied liability and there is no allegation of inability of the defendant to answer the garnishment. Consequently, the testimony objected to was inadmissible and should have been excluded. But not only was no allegation contained in the garnishee's answer that he was unable to answer the summons of garnishment as required by the Code section, but the evidence adduced upon the trial showed no breach of the contract by the defendant before the garnishee's answer was filed, or that events had transpired at that time that rendered certain there would be such breach subsequent to the filing of the answer from which damages would flow to the garnishee.

The articles of personalty had been levied upon and sold under the mortgage execution but had not been taken from the possession of the garnishee. The rule is stated in 52 C. J. S. 167, § 448: "No eviction of a tenant arises from the institution or pendency of a suit to foreclose a mortgage covering the demised premises, or even from the entry of judgment of foreclosure and sale."

The text refers specially to the effect of the sale of the landlord's realty under mortgage execution against him pending a lease or rental contract, but it is equally applicable to personalty held as a unit with the rented realty.

A similar holding is *Dwinell* v. *Brown*, 65 *Ga.* 438 (38 Am. R. 792): "One in possession of land under a claim of right renting it to a tenant, who enjoys the full term of the lease without being interrupted or required to attorn to another, the tenant cannot recover back the money paid to his landlord, though the same land may afterwards be recovered from his landlord by action of ejectment, or by a voluntary surrender thereof to a superior title without suit."

Both the quoted text and the pronouncement of *Dwinell* v. *Brown*, supra, are based on the principle that the tenant is not concerned with who holds the paramount title to the tenement or fixtures so long as his possession of the premises and fixtures is not disturbed. This is true because what a tenant and hirer buys is use and possession. If he gets the untrammeled right to exercise both, he gets the full consideration for the rent or hire he pays.

The evidence did not establish facts transpiring previous to the filing of the answer which would subsequently result in a breach of the contract on the defendant's part, and consequent damages to the garnishee.

In the first place, while the articles of personalty were levied on and sold, there was nothing in the evidence from which it could be inferred that the defendant, if notified of the levy and sale, would not either redeem those articles or supply the garnishee with comparable chattels before he was deprived of the articles' possession or use.

Furthermore, the evidence shows without dispute, indeed by the garnishee's own testimony, that at the time he filed his answer he owed the defendant an amount in excess of that to which the plaintiff's garnishment lien attached, and from that time he remained in arrears with his rent. In such circumstances it was the statutory right of the defendant, his landlord, to immediately repossess the rented premises in the manner prescribed by Code § 61-301. The premises were rented with the personalty as a unit and the repossession of the former would rescind the contract as to the latter.

It follows that the testimony objected to was inadmissible and should have been excluded.

■ The second exception that the judgment is without evidence to support it, is insisted upon. The judgment was in effect a finding that the garnishee was entitled to damages equal to or in excess of the $328 he admittedly owed the defendant for rent.

On a traverse of a garnishee's answer, as in this case, the burden is on the plaintiff to sustain the traverse by a preponderance of the evidence. *Rockmart Bank* v. *Nix*, 14 *Ga. App.* 238, 240 (80 S. E. 673); *Rainey* v. *Eatonton Co-Operative Creamery*, 69 *Ga. App.* 547 (4) (26 S. E. 2d 297). But where, as here, the garnishee after denying by his answer that he was indebted to the defendant in any amount, admits by his testimony that he was indebted to the defendant in a stated sum at the time the answer was filed, the burden of evidence shifts, and the onus is on the garnishee to prove the existence and validity of any counterclaim that he seeks to set off against the debt owed by him to

the defendant. Code § 38-103; *Gem Knitting Mills* v. *Empire Printing &c. Co.*, 3 *Ga. App.* 709 (3) (60 S. E. 365). In carrying such burden he must adduce evidence as to the items of damage he claims and proof of their amounts. The only evidence offered by the garnishee in this case to prove the items and amounts of damages he claimed we have held was inadmissible. The rule is that evidence erroneously admitted is not considered in passing on the sufficiency of evidence to support a particular finding by a trial judge in passing on issues of fact. 3 Am. Jur. 593, § 1037; 53 Am. Jur. 781, 782, § 1125; Maxey-Barton Organ Company *v.* Glen Building Corp., 355 Ill. 228 (189 N. E. 326, 95 A. L. R. 321 (6)).

The garnishee sought to have set off a balance against the debt he admittedly owed the defendant for rent damages which appropriately compensate a tenant for wrongful eviction by his landlord. It is his contention that the defendant constructively evicted him from the rented premises by permitting certain articles of personalty hired with the premises to be levied on and sold under a mortgage execution issued against the defendant.

The elements of proof necessary to establish constructive eviction for the tenant's being deprived by the landlord of personalty rented with the realty are: that the tenement and chattels are let and hired as a unit; that the landlord intentionally and wrongfully prevented the tenant's use or possession of the chattels during his occupancy of the tenement; that use or possession of the chattels is essential to the occupancy and enjoyment of the tenement and their loss to the tenant renders the tenement so unfit for the purposes contemplated by the rental contract as virtually to oust the tenant from possession.

The evidence adduced on the trial showed the existence of the first element, that the realty was rented and the articles of personalty were hired as a unit, but there was no evidence that the defendant caused the personalty to be taken from the garnishee's possession. The garnishee himself testified that he was not deprived of use or possession of the chattels during his occupancy of the rented premises. Levy and sale of the articles alone, not followed by the loss of their possession did not constitute a breach of the rental contract. Supporting authorities for this holding

are: 52 C. J. S. 167, § 448; 52 C. J. S. 242, § 480 (2); 52 C. J. S. 481, § 480; *Dwinell* v. *Brown*, 65 *Ga.* 438, supra. No proof was submitted as to whether and to what extent the articles of personalty affected the use and enjoyment of the tenant for the purposes contemplated by the rental contract.

The garnishee insists that he was compelled to purchase an article of personalty in order to prevent the loss of its use. The evidence does not support the contention, but for the sake of discussion we will concede that it did. The result of the garnishee, even under the compulsion of preventing the article being taken from his possession, acquiring permanent title to it did not, and if such article was absolutely necessary to the use of the rented premises, work the garnishee's constructive eviction from the premises. Its effect, in such circumstances, assuming that they existed, was to prevent the articles' removal from the rented premises and to circumvent constructive eviction. That a tenant may, and in some circumstances must if he is able, act so as to lessen or prevent damage to himself from his landlord's breach of the rental contract is an established principle of law. In the case of *McNaughton* v. *Stephens*, 8 *Ga. App.* 545, 546 (70 S. E. 61) it was held: "We think this was sufficient reduction, when it was within the power of this defendant as a tenant to have had the repairs made himself, and set off the necessary expense against his landlord's claim for rent; and it was his duty, as the damages were consequent upon a breach of the contract, to have used ordinary care and diligence to lessen his damages as far as practicable."

The result of the garnishee's acquisition of title to the article of personalty was that from the time it was acquired and only while he occupied the premises his rent was reduced.

The garnishee, while basing his right of recoupment principally on the contention that he was, in the manner previously related, evicted from the tenement, also claimed special damages that could in some circumstances flow from the breach of a rental contract not resulting in the tenant's eviction. The items of damages referred to were the loss of the garnishee's time while consulting with his lawyers, and the expense incurred by him in removing to another location.

The items of damages were not recoverable for the reason that no data was furnished by the garnishee's proof from which the jury could decide whether the damages claimed were just, excessive, or inadequate compensation for the losses claimed. *Brenard Mfg. Co.* v. *Winn-Wilkes Drug Co.*, 31 *Ga. App.* 200 (1) (120 S. E. 446), " 'Whenever one party to a case claims special damages against the other, he has the burden not only of showing that he has been damaged as alleged, but also of furnishing to the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages.' *National Refrigerator &c. Co.* v. *Parmalee*, 9 *Ga. App.* 725 (1) (72 S. E. 191)."

However, had the evidence been explicit, the garnishee was not entitled to recover expenses of making his answer, since under the evidence, its verity was not established. Only the expense of making a true answer can be recovered by Code § 46-308, and the expense of defending the answer against traverse was not allowable. *Darnall & Susong* v. *Wood & Brother*, 82 *Ga.* 556 (9 S. E. 282). Obviously, no right of recovery by the garnishee for the expense of removing from the rented premises existed, when at the time of his removal he was much in arrears with rent due the defendant, and the latter had the right to require him to vacate.

The judgment was without evidence to support it; indeed, the garnishee's own proof established the truth of the plaintiff's traverse to the answer and demanded a judgment for the plaintiff.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*